SAMUEL, Judge.
Defendant, a public carrier, appeals from a $2,000 judgment (consisting of $1,000 in stipulated medical expenses and $1,000 for pain and suffering) awarded plaintiff, a fare paying passenger, for injuries allegedly sustained by her when she fell while alighting from a defendant bus.[1] Plaintiff also appeals seeking an increase in the general damage award.
The only evidence contained in the record relative to the manner in which the accident happened is the testimony of four witnesses, two for the plaintiff and two for the defendant.
Plaintiff testified: She was seated near the rear door of defendant’s Magazine Street bus. When she was near her “stop” she pulled the cord, signaling her intention to get off, the bus driver slowed the vehicle, and she proceeded to the rear door. Holding her baby on her right arm, she pushed the door open with her left hand. While still holding the door handle, she began to descend. When she had one foot on the curb and the other foot on the bottom step of the bus, the bus took off. She immediately let go of the handle and fell away from the bus.
The other witness for plaintiff was driving behind the bus on Magazine Street when the accident happened. He saw plaintiff and her baby fall as she was alighting. She threw the child away from her or she would have fallen on the baby. He stopped his car to help her. He was unable to state whether the bus jerked or if plaintiff made a misstep, but he did see the bus pull off as she was falling.
Defendant’s two witnesses were its claims representative and the manager of its maintenance division. They testified: The accident had not been reported by any of the drivers, none of whom were aware of any such accident. The bus door is designed so that the driver cannot move the bus when the door is open. One bus, which arrived at the scene of the accident at about the time plaintiff testified it had occurred, had reported a defective rear door which had been repaired two days prior to the accident.
Relative to the issue of liability, in his reasons for judgment the trial judge stated he was of the opinion the accident happened as described by the plaintiff. We agree with that conclusion, and under those facts the defendant is clearly liable.
 Relative to plaintiff’s request for an increase in the $1,000 award for general damages, the record reveals she was given emergency treatment at a hospital immediately after the accident. About a week later she consulted her own doctor with complaints of pain in the neck area. The doctor noted muscle spasm and severe restriction of motion and tenderness. He diagnosed the injury as severe cervical strain. She remained under the doctor’s treatment for slightly more than two months.
Under our Supreme Court jurisprudence, we cannot substitute our judgment for that of the trial court unless there is an abuse of the much discretion vested in the latter by Civil Code Article 1934(3).[2] While the award in this case appears minimal on the evidence in the record, we find no abuse of that discretion.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Although plaintiff sues both individually and on behalf of her minor child, her petition does not allege, and the record is devoid of any evidence showing, the child was injured in the accident.

. See Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127; Robinson v. New Orleans Public Service, Inc., La.App., 336 So.2d 933.