PRICE, Judge.
Curtis Wilson was awarded $5,560.54 in damages for personal injuries and related medical expenses resulting from a vehicular collision in Shreveport on November 30, 1974. He appealed asking for an increase in the amount awarded. The multiple defendants which were cast in judgment have not appealed, nor answered plaintiff’s appeal. Therefore, our review is limited to the adequacy of the trial court’s award.
The medical evidence shows the injuries received by Wilson were an acute cervical strain, an irritation of the occipital nerve which caused frequent headaches, and a contused right knee.
Wilson fully recovered from the cervical strain and contused knee within a reasonable period of time after the accident. Relief from the complaint of repeated headaches was accomplished by a bilateral occipital neurectomy, a minor operative procedure in which the major occipital nerve is severed and the ends are clipped in surrounding tissue by use of metal clips.
Approximately one year after the accident, plaintiff suffered a fall at his place of *995 employment and reinjured his head and cervical region. Although plaintiff contends he had not fully recovered from the effects of the car accident at the time he sustained the industrial accident, the medical evidence is to the contrary.
The neurosurgeon who performed the occipital neurectomy was of the opinion no significant disability resulted from this procedure and assigned a maximum of one per cent permanent disability to the body as a whole.
Although no written reasons were assigned by the trial court showing the proration of the total award to specific elements of damage, counsel agree in brief the court awarded $3,560 for special damages (medical expenses) and $2,000 general damages. The amount of medical treatment received does not necessarily reflect the severity or seriousness of the injury. While it may well be that the trial court’s award for general damages is minimal, we should not disturb it in the absence of an abuse of the court’s discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). From our review of the evidence and applying the guidelines set forth in Coco, we do not find an abuse of the court’s discretion.
Plaintiff’s claim for loss of wages was properly denied for a lack of corroborating evidence on which to base such an award.
For the reasons assigned, the judgment is affirmed at appellant’s costs.