SAMUEL, Judge.
This is a suit for personal injuries, property damages and medical expenses resulting from a collision between the plaintiff automobile and a defendant taxicab. Plaintiffs are: Elaine Allen Hurd, the driver of the automobile; her husband, Marshall Hurd, who appears as head and master of the community and on behalf of their ten month old child, Darrell Hurd, who was injured in the accident; Carrine Cox, a passenger in the plaintiff car at the time of the accident; and her husband, Leon Cox, who appears as head and master of that community. Defendants are the driver of the taxicab and its owner.
Following trial on the merits, there was judgment in favor of plaintiffs and against the defendants, in solido, in the following amounts: Elaine Hurd, $2,000 for her injuries; Marshall Hurd, $618.50;[1] Carrine Cox, $2,500 for her injuries; and Leon Cox, $350 for medical expenses for his wife. De *1272 fendants have appealed, and plaintiffs have answered the appeal.
While there is some relatively minor conflict in the testimony of the opposing witnesses, the trial judge substantially found, and we agree, that the facts regarding the occurrence of the accident were:
It occurred in the late afternoon of September 3, 1973 on Williams Boulevard in Kenner, Louisiana. The plaintiff automobile had been stopped in a line of traffic waiting to cross the railroad tracks on Williams which was blocked by a passing train. The taxicab was stopped in a parking lot approximately half a ear length from the Williams roadway, to the right and slightly ahead of the plaintiff car. When the train had passed and the line of traffic began to move, the plaintiff vehicle proceeded forward on Williams. In an attempt to get into the Williams lane of traffic occupied by the plaintiff automobile, the taxicab proceeded out of the parking lot into the right front of the approaching plaintiff car. The left front fender of the taxicab struck the right front fender of the automobile. Both vehicles were proceeding slowly.
Under these circumstances, we find the taxicab driver was negligent.[2] We also reject defendants’ contention that the plaintiff driver was guilty of contributory negligence, a plea based on the argument that the latter could have avoided the accident by the exercise of proper care.[3] The facts do not support the contention. Here the taxicab proceeded from its stopped position in the parking lot and into Williams when the plaintiff car was such a short distance away as to make the collision unavoidable on the part of the plaintiff driver, especially since she had the right to assume the taxicab would not enter Williams until she has passed.[4]
In their answer to the appeal, plaintiffs contend they are entitled to: (1) an increase in awards for medical expenses; (2) an increase in awards for expert witness fees; (3) recovery of the cost of air fare for their attorney and transcription of depositions scheduled and taken by the defendants in Tucson, Arizona; (4) a recovery by Mr. Cox of $6,400 for lost wages on behalf of his wife; and (5) increases in the awards for personal injuries from $2,000 to $4,000 for Mrs. Hurd, from $2,500 to $10,000 for Mrs. Cox, and from $250 to $500 for the child, Darrell Hurd.
(1) Relative to plaintiffs’ first contention, we are asked to increase the award of $350 for Mrs. Cox’s medical expenses. The record reflects, without contradiction, that Dr. Padua charged $299 for treatment, Dr. Whitecloud $140 also for treatment, and Dr. Nice $36 for x-rays, and that prescription drugs had cost $134.03, for a total of $609.03. Accordingly, we will increase the award to Leon Cox from the sum of $350 to the sum of $609.03.
We are also requested to increase the $200 award for Mrs. Hurd’s medical expenses to $280. The record reflects, also without contradiction, that this claim is justified. Accordingly, we will increase the $618.50 award to Marshall Hurd by the sum of $80, for a total award to him of $698.50.
(2) Plaintiffs’ request for an increase in the amount awarded for expert testimony is based upon the alleged fact that the testifying medical experts rendered bills to plaintiffs for that testimony in excess of the $100 fee awarded each by the trial court. The request is denied. An expert witness does not set the fee which is taxed as cost, the court does. And as this court said in Barnett v. Barnett Enterprises, Inc.:[5] “The fixing of the amount of *1273 expert fees is a matter within the discretion of the trial court, and unless the record on appeal shows a serious abuse of this discretion, the appellate court will not disturb the finding of the trial court.” We find no abuse of discretion here.
(3) Regarding the claim for transportation costs of their attorney for the purpose of being present during the taking of the depositions in Tucson, Arizona and the cost for transcription of those depositions, the record reflects that one of the depositions was offered in evidence by the defendants and admitted by the court subject to objections made by the plaintiff. We note that the cost of taking depositions is covered in the main by LSA-R.S. 13:4533 and that the Supreme Court case of Succession of Franz[6] passes on the transportation expense of an attorney incurred in connection with the taking of depositions. However, we do not reach the issue presented because the record is devoid of any evidence establishing or tending to establish either the alleged transportation ($211.10) or the alleged transcription ($174.00) expenses; those amounts are contained only in plaintiffs’ brief. Accordingly, we deny this claim.
(4) Concerning the Cox claim for lost wages in the sum of $6,400, the evidence reflects that prior to the accident Mrs. Cox worked as a cosmetic door-to-door sales lady. She introduced in evidence books purporting to show orders for sales during the months of May and February, 1973 and testified there were other books but her children had thrown them away. She was unable to produce income tax forms because she does not file them. Her husband is disabled, they live on Social Security benefits and thus they are limited in the amount of money earned before Social Security payments would be affected. Nevertheless, she stated her average income from cosmetic sales was $125 to $130 per week and she made $1,000 in a two week period sometime before the accident. Although there are no records to substantiate this testimony, she testified she knew she did make that much money from her cosmetic operations. Mrs. Cox further stated that following the accident she was unable to continue with this work.
Quite clearly, Mr. Cox has failed to carry his burden of proving his claim for Mrs. Cox’s alleged lost wages.
(5) We now address ourselves to the matter of quantum. Mrs. Hurd sustained injuries diagnosed as mild cervical strain by Dr. Fisher, who treated her with muscle relaxants and diathermy during September, October and November, 1973, when she transferred to Dr. Aiken who saw her from November 13, 1973 to January 4, 1974. He prescribed a cervical collar, medication, and instructed her to limit her activities. We are asked to increase her award from $2,000 to $4,000.
Mrs. Cox seeks an increase from $2,500 to $10,000. She was treated by Dr. Padua from September 4 through November 20, 1973 for injuries diagnosed as cervical and lumbar strain and contusions of both knees. She took hot baths three times a day at home, limited her activities, as ordered by the doctor, and was discharged by him on November 20, because there were no objective findings.
On May 29, 1974 Mrs. Cox consulted Dr. Whitecloud with complaints of constant pain in the lower back radiating to both thighs and below the left knee. He diagnosed her condition as degenerative lumbar disc disease with intermittent nerve irritation in the lower lumbar spine which he concluded was present prior to the accident, but aggravated by it.
Finally, we are asked to increase the $250 award for the child, Darrell Hurd, to the sum of $500. The child was seen once by Dr. Padua. The results of his examination were normal except for a small contusion of the skull. An antibiotic was prescribed and the mother was advised to watch the infant for a few days and return if the child displayed any unusual symptoms. No further examination or treatment was sought.
*1274 The injury sustained by Darrell Hurd was minimal and adequately compensated by the $250 award. Had we been called upon to make the initial awards to Mrs. Hurd and Mrs. Cox for their injuries, our awards would have been higher than those made by the trial court. However, under the current Supreme Court jurisprudence,[7] the sole questions presented by the claims of Mrs. Hurd and Mrs. Cox are whether their $2,000 and $2,500 awards for pain and suffering are so insufficient that they constitute an abuse of the “much discretion” left to the trial judge by Civil Code Article 1934(3). We find no such abuse of discretion here.
For the reasons assigned, the judgment appealed from is amended only so as to increase the award to plaintiff, Marshall Hurd, from the sum of $618.50 to the sum of $698.50, and to increase the award to plaintiff, Leon Cox, from the sum of $350 to the sum of $609.03. As thus amended, and in all other respects, the judgment appealed from is affirmed. All costs in this court are to be paid by the defendants-appellants.

AMENDED AND AFFIRMED.

. $250 for pain and suffering for his child, Darrell Hurd, $25 for the child’s medical expenses, $143.50 for property damages, and $200 for medical expenses for Mrs. Hurd.

.LSA-R.S. 32:124; Travelers Insurance Company v. Harris, La.App., 294 So.2d 588; Sholar v. U. S. Fire Insurance Company, La.App., 261 So.2d 327; Jones v. Travelers Insurance Company, La.App., 149 So.2d 441; Chandler v. Grain Dealers Mutual Insurance Co., La.App., 131 So.2d 606.

. Citing Boyd v. Damico, La.App., 230 So.2d 425, 428; Jones v. Travelers Insurance Company, supra, note 2; and Strehle v. Giaise, La. App., 46 So.2d 685.

. Cases cited in note 2.

.La.App., 231 So.2d 589, 592.

. 242 La. 875, 139 So.2d 216, 219.

. Lomeníok v. Schoefñer, 250 La. 959, 200 So.2d 127, and the long line of cases which follows that -decision, including Canter v. Koehring Company, La., 283 So.2d 716, and Coco v. Winston Industries, Inc., La., 341 So.2d 332.