355 So.2d 1033 (1978)
Horace McKINLEY
v.
Samuel S. DALTON and Richard F. Davis.
No. 8765.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
*1034 Earl B. Gray, Metairie, for defendant-appellant.
Gerald P. Aurillo, Metairie, for plaintiffsappellees.
Before REDMANN, BOUTALL and BEER, JJ.
BEER, Judge.
On October 20, 1973, plaintiff Horace McKinley was involved in an intersectional collision with defendant Samuel S. Dalton, who was driving an automobile owned by defendant Richard F. Davis.
In the ensuing lawsuit, judgment (without written reasons) was entered by the trial court in favor of McKinley and against Dalton in the amount of $1,500, plus interest from date of judicial demand until paid, and, also, for all costs including the deposition cost of $71.25. (The judgment makes no explicit determination as to defendant Davis.) From this judgment, defendant Dalton appeals; plaintiff McKinley has answered, alleging quantum should be increased.
By stipulation of the parties, the issues on appeal are:
1) whether the trial court correctly received into evidence the deposition of Dr. Mary Ellen Black, plaintiff's treating physician, and
2) whether the trial court determination as to quantum was correct.
At trial, it was stipulated that appellant Dalton is liable, and that property damages are due appellee in the amount of $100.
Appellee's attempt to introduce into evidence the deposition of Dr. Black was met with an objection by appellant that the prerequisites of La.C.C.P. art. 1428(3)(d) had not been met.
*1035 The deposition was taken by counsel for appellee on April 2, 1976, in the presence of appellant, and appellant's counsel, who cross-examined the witness. As the deposition began, the following colloquy took place:
"MR. AURILLO:
Usual stipulation, Earl?
MR. GRAY:
Yes.
MR. AURILLO:
To be used for all purposes as provided for by the Rules of the Code of Civil Procedure.
MR. GRAY:
Not for the perpetuation of the testimony.
MR. AURILLO:
Yes. I put it in every deposition notice.
It is stipulated and agreed that the testimony of DR. MARY ELLEN BLACK, is hereby being taken pursuant to the Rules of the Louisiana Code of Civil Procedure for all purposes as provided thereby. The formalities of sealing, certification and filing are waived. All objections, except those as to the form of the question, are reserved until the time of the trial of the cause."
A subpoena for trial attendance was directed to 134 Hector Avenue, Metairie, Louisiana (the address Dr. Black had given at the deposition) but was returned unserved with the notation "moved out, 3 ladies living here." Counsel took the stand as a witness and testified that he had checked the phone book and found no address for Dr. Black and that he had been to her former office a number of times and found that she was no longer there. He also attempted to testify, over objection, that he called the Louisiana State Board of Medical Examiners and found no new address for Dr. Black, and stated for the record that she had told him the previous summer that she intended to quit her practice and move to California.
The general rule regarding sufficient proof of unavailability of a witness is set forth in 26A C.J.S. Depositions § 92(2)b(b), as follows:
"The absence of a witness may be sufficiently shown in various ways and by proof of a variety of facts and circumstances addressed in many instances to the discretion of the court. The absence of a witness may not be shown by one who can speak to that fact only from hearsay. It is sufficient to show that a reasonable effort has been made to serve the deponent with a subpoena, that inquiry has been made at his usual place of business or abode, and that letters have been received from him from another state or country. Proof which raises a reasonable presumption that the witness is dead or outside the jurisdiction of the court is all that is required; and where it appears from the order to take the deposition or from the deposition itself that deponent resides outside the jurisdiction or beyond the prescribed distance it is sufficient. On the other hand, the mere issuance of a subpoena or attachment, or its return not served because the witness could not be found, or mere statements on the part of deponent, are not sufficient to allow the introduction of a deposition in evidence, when any uncertainty as to deponent's whereabouts exists." (Footnotes omitted.)
It is clear under the Louisiana jurisprudence that hearsay evidence may not be considered in the judicial inquiry as to unavailability. Bland v. Interstate Fire and Casualty Co., 311 So.2d 480 (La.App. 4th Cir. 1975).[1]
In light of Bland, id., the trial court should not have considered the testimony of counsel to the effect that Dr. Black had told him she intended to move to California, or that as a result of his phone call to the Louisiana State Board of Medical Examiners, he was unable to find a new address.
*1036 But, even excluding the hearsay evidence, there was sufficient proof of unavailability on the basis of which the trial court properly admitted the deposition into evidence. Counsel's attempt to subpoena the doctor at the address noted in her deposition, coupled with the other actions proven by competent evidence, constituted a sufficiently diligent effort to produce her at trial. The stipulation in the deposition that it might be used for any purpose provided for by the Code of Civil Procedure and the fact that appellant had ample opportunity to cross-examine Dr. Black convinces us that he was not unduly prejudiced by admission of the deposition.
With regard to quantum, appellant argues that the award of $1,500 plus interest and costs was excessive, and should be reduced to $500. It is appellee's contention that the $1,500 award included $215 for doctor's fees and $100 for property damages, leaving only $1,185 for general damages. A proper measure of general damages, he alleges, would be $3,500.
The record reveals that appellee's alleged injury occurred when he was thrown against his car door in the October 20, 1973 accident. Nine days later, after consulting his attorneys, he visited Dr. Black and complained of neck pain. Several weeks later, he complained of back pain. Dr. Black diagnosed moderate cervical strain (or a secondary cervical muscle spasm), a strain of the upper thoracic spine, and a contusion and muscle strain of the left upper arm. For these injuries, she prescribed a muscle relaxant drug, a heating pad and moist heat. Appellee made eight visits to the doctor. According to her deposition testimony, some eight or ten weeks after the accident, he had some improvement in the neck and upper arm, but still suffered muscle spasm in the neck. Approximately six months after the accident, Dr. Black discharged appellee, upon finding that he still had some degree of discomfort in his back, depending on his activity and position, but that medication was no longer necessary. According to appellee, back pain continued for two months after he was discharged from Dr. Black's care.
Appellant, in support of his contention that the award was excessive, makes much of the fact that appellee first consulted a lawyer before seeing a doctor, and waited nine days after the accident to do so. However, Dr. Black's testimony indicates that it was not unusual for symptoms such as McKinley's to develop some time after the accident.
In Hurd v. Toups, 348 So.2d 1270 (La.App. 4th Cir. 1977) ($2,000 awarded for mild cervical strain; plaintiff under doctor's care for five months); Corley v. West, 346 So.2d 1272 (La.App. 3rd Cir. 1977) ($1,500 awarded for cervical muscle spasm requiring one week hospitalization and 5-6 weeks treatment); Wilson v. Dixie Auto Ins. Co., 345 So.2d 994 (La.App. 2nd Cir. 1977) ($2,000 awarded for acute cervical strain); and Hankton v. New Orleans Public Service, Inc., 343 So.2d 1082 (La.App. 4th Cir. 1976) ($1,000 awarded for severe cervical strain requiring two months doctor's care), similar injuries have resulted in similar awards.
The judgment is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] In Bland, the Court of Appeal found trial court error in allowing into evidence a doctor's deposition. It held that a medical certificate from the witness' physician was hearsay, and, therefore, insufficient to establish his unavailability.