SCHOTT, Judge.
Plaintiff has appealed from a judgment seeking an increase in the quantum of damages she was awarded by the trial court.
Plaintiff’s automobile was rearended by defendant’s driver on June 19, 1976. She filed suit on January 13,1977, and after the case had been assigned for trial on six previous occasions the case proceeded to trial on March 29, 1978. Plaintiff had subpoenaed no medical witnesses and attempted to place in evidence, over defendant’s objection, depositions of Dr. Gessner and Dr. Mooring. The trial judge properly refused to consider these depositions since no basis was shown for their admissibility pursuant to LSA-C.C.P. Art. 1450(3).
Plaintiff also challenged the propriety of the trial judge’s refusal to continue the case the seventh time, but his decision was clearly within the realm of the discretion afforded him under C.C.P. Art. 1601.
Plaintiff testified: Immediately after the accident, on Saturday, she got a headache and felt stiff and sore. On the following Monday she saw her doctor and continued to see him daily for six weeks. Pain persisted in her neck despite medication and a cervical collar. She then saw an orthopedist who continued her on medication and the collar, and she next went to a chiropractor, Dr. Mooring. Her attorney referred her to a Dr. Gessner, who in turn referred her to a second orthopedist, Dr. Brent. A myelographic study, made by a neurologist on January 24, 1977, was placed in evidence and it contained in its summary of findings: “Normal study.” She was hospitalized between January 30 and February 3, 1978, by Drs. Gessner and Brent. For about six or seven months she had continuous pain and from then until the trial in March, 1978, she had pain “off and on.” Her condition interfered with her duties to her family as well as her recreational activities.
Plaintiff’s husband testified that she appeared to be in pain, had become mean and grouchy and seriously curtailed her activities.
Copies of various bills, the hospital record and the report of the myelographic study were filed in evidence.
In awarding plaintiff $3,000 for general damages the trial judge summarized the *656 evidence, noting that the hospital record revealed no positive findings of injury or residual disability and that: “Unfortunately, plaintiff produced no medical testimony.”
We, have concluded that plaintiff has not demonstrated an abuse of discretion by the trial judge and the judgment will be affirmed.
We are constrained to note that the record was lodged in this court on November 3, 1978, and under our rules plaintiff had 25 days in which to file a brief. The case was assigned for oral argument and submission on April 5, 1979, and this assignment was duly posted on February 5, 1979. Plaintiff did not see fit to file a brief until April 4, 1979. Her tardiness in filing a brief and failure to request an extension of time in which to do so resulted in her forfeiture of oral argument. This record provides support for the view that the judgment appealed from reflects her own failure to prosecute her case with some reasonable degree of diligence. She cannot attribute this to error on the part of the trial judge.
AFFIRMED.