SAMUEL, Judge.
Plaintiff filed this suit against Stauffer Eshleman Company, Ltd., for property damages and personal injuries sustained by her in a collision which occurred on June 15, 1976 between her car and a panel truck owned by the defendant company and driven by one of its employees. Defendant answered denying liability. After a trial on the merits, judgment was rendered in favor of plaintiff. Defendant has appealed.
The collision occurred in New Orleans on a one-way Broad Street extension as it passes under the down ramp of an overpass onto Poydras Street. Broad runs parallel with Poydras and merges with it approximately one-fourth of a mile from the site where plaintiff contends the collision occurred. At this point Broad consists of two lanes which are not divided by markers.
Both vehicles were on the Broad Street extension, plaintiff’s in the right lane and defendant’s in the left lane. There were no signs to indicate the merger of Broad with Poydras. Photographs introduced show the left lane of Broad merges with the right lane of Poydras at the foot of the down ramp and the right lane of Broad continues past the point of the left lane merger for a substantial distance before it, in turn, merges with Poydras.
The collision took place when one of the two vehicles improperly changed lanes and struck the side of the other vehicle. Defendant contends the plaintiff car did not properly observe the merging situation at Broad and Poydras, and that plaintiff negligently drove her vehicle into the right side of the panel truck. On the other hand, plaintiff contends the collision occurred approximately one-fourth of a mile before reaching the merging situation when the truck improperly attempted to change lanes and struck the left side of her car. Since the other evidence produced by the parties does not conclusively determine where the collision occurred, the trial judge obviously was faced with a question of credibility.
The trial judge’s reasons make it clear he accepted plaintiff’s version of the accident. Moreover, he appears to have been impressed with the unavailability of the defendant driver until less than a week before trial in spite of plaintiff’s attempts to have him deposed. He also appears to have given weight to the fact that the defendant’s employee was driving with a temporary license (a traffic ticket) instead of the usual driver’s license, and the driver lost his job partly because of the accident in question.
We conclude that the record shows the trial judge did not commit manifest error and was not clearly wrong in accepting plaintiff’s version of how the accident occurred.[1]
Defendant alternatively contests the award made by the trial judge for plaintiff’s pain and suffering. The trial judge awarded $6,500 for pain and suffering together with medical expenses of $100, $800 for property damages, $2,800 for lost income and $150 for medical expert testimony-
Plaintiff had sustained a back injury several years before the accident, and her suit sought damages for aggravation of the alleged preexisting condition. She saw her physician, Dr. Thomas Whitecloud, on the day of the accident and on June 28, 1976, approximately thirteen days later. Dr. Whitecloud testified he treated plaintiff with medication and advised her to take time from her employment. On her second visit, the doctor advised her not to work for a period of between four to six weeks. Plaintiff followed her physician’s advice and stayed away from her work until August 15, 1976. The trial judge concluded the aggravation of plaintiff’s preexisting injury lasted until December of 1976, at which time she returned to her pre-accident physical state. Defendant argues the trial judge was incorrect, primarily on the basis that plaintiff did not renew a prescription of 50 Percodan Demi tablets, a pain killer, *533 after she took them all. Defendant argues the prescription must have run out before August 15, 1976, when plaintiff returned to her work. From this, defendant concludes plaintiff no longer needed the relief afforded by the medicine after August 15, and her condition had reached its pre-accident status as of that date. However, while plaintiff’s physician did prescribe one tablet every four hours for pain, plaintiff testified she took one tablet every eight hours for about two weeks, and then decreased the dosage to one a day for a period of time and then one every other day until all of the tablets were used.
In addition, defendant argues that only two visits to her physician within a two week period and her return to work on August 15, 1976, shows plaintiff’s preexisting condition was aggravated for only two months.
Our review of the record satisfied us that the trial judge did not abuse his discretion by awarding $6,500 for plaintiff’s pain and suffering. Plaintiff already had a preexisting back injury, and obviously had reached an accommodation with the pain resulting from it. Plaintiff likewise did not see fit to overtreat or overmedicate herself in order to build up the award she would receive from the defendant. The trial judge referred to cases indicating the amount of treatment by a physician does not necessarily reflect upon the seriousness of the injury incurred. Such a decision was reached in Wilson v. Dixie Auto Insurance Company.[2]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. See Canter v. Koehring Company, La., 283 So.2d 716, and Arceneaux v. Domingue, La., 365 So.2d 1330.

. La.App., 345 So.2d 994.