424 So.2d 1219 (1982)
In the Matter of the SUCCESSION OF Francis Leonce MARTIN.
No. 82-CA-0357.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1220 David L. Dawson, Jr., Baton Rouge, for plaintiff-appellant Joseph I. Martin.
Patrick W. Pendley, Plaquemine, for defendant-appellee Timothy Martin.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
This action was brought by Joseph Martin, executor of the succession of Francis Leonce Martin. Joseph Martin alleged in his petition that a certain tract of land was an asset of the community of acquets and gains which formerly existed between Francis Leonce Martin and his wife, Berdina Strange Martin. From a judgment recognizing the property to be the separate property of Mrs. Martin, Joseph Martin appeals.
The Martins were married on April 2, 1926. One child was born of this marriage, Francis William Martin. He died on December 29, 1964, succeeded by only one child, Timothy Martin. On September 24, 1934, Mrs. Martin was party to an act of sale with mortgage in which she obtained from Levis Bergeron the parcel of land in question. The property was purchased for $3,300.00. Mrs. Martin paid $2,500.00 in cash and executed 16 promissory notes in the amount of $50.00 each for the remainder. The act of sale recited that Mrs. Martin was investing her "separate paraphernal funds, separate and apart from those of her husband and of which she has the full and absolute control." Mr. Martin was not a party to the act of sale.
Mr. Martin died in 1980. He left a will in which he made a number of specific bequests and named Joseph Martin as his residual legatee. A notary was appointed to conduct an inventory of the succession. The notary made note of Mrs. Martin's purchase of the tract of land in question but did not include it in the inventory of Francis Martin's succession.
Joseph Martin petitioned the district court for a rule nisi ordering Mrs. Martin, Timothy Martin and the notary to show cause why the property in question should not be included in the inventory as part of the community of acquets and gains formerly in existence between Francis and Berdina Martin. After conducting a hearing on the rule, the trial court rendered judgment recalling the rule nisi and declaring the tract of land to be the separate property of Berdina Martin. It is this judgment which Joseph Martin appeals.
Joseph Martin's appeal raises two assignments of error:
"I. The Trial Court erred in determining that the evidence presented overcame the presumption that the property acquired during the existence of the marriage was community property.
"II. The Trial Court erred in permitting the use of and considering the deposition taken of Berdina Strange Martin."
Because of our conclusion that the second assignment of error requires reversal, we pretermit discussion of the first.
Prior to the hearing on the rule, Berdina Martin's deposition was taken. At trial, counsel for the appellees sought to introduce Mrs. Martin's deposition in lieu of her live testimony, alleging that she was confined to a nursing home and physically unable to appear at trial. Appellant objected to the introduction of the deposition, noting that no evidence of Mrs. Martin's unavailability had been presented and challenging her competency to testify. The trial judge refused to admit the deposition and set a later date for Mrs. Martin to appear and testify if her physician would allow her to do so.
Some time after the hearing on the rule, counsel for the appellees presented the district judge with a letter from Mrs. Martin's personal physician, Dr. Trenton James. Dr. James' letter indicated that Mrs. Martin was physically unable to leave her nursing *1221 home and travel to appear in court. Appellees had no opportunity to object to the reliance upon this written statement, but had objected at the hearing on the rule to the use of hearsay testimony to establish Mrs. Martin's unavailability. In response to the letter, the trial judge admitted Mrs. Martin's deposition into evidence and relied extensively upon it in his written reasons for judgment.
The letter from Dr. James was clearly inadmissible hearsay evidence. Bland v. Interstate Fire and Casualty Co., 311 So.2d 480 (La.App. 4th Cir.1975). Such hearsay evidence may not be used to establish the unavailability of a witness for trial and allow introduction of his deposition. McKinley v. Dalton, 355 So.2d 1033 (La. App. 4th Cir.1978); Bland v. Interstate Fire and Casualty Co., supra. Since there was no competent evidence admitted to establish Mrs. Martin's inability to testify at trial, the trial court erred in admitting her deposition.
Under Louisiana law and jurisprudence, there is a presumption that property acquired during the course of a marriage is community property. LSA-C.C. art. 2340; Prince v. Hopson, 230 La. 575, 89 So.2d 128 (1956). Appellees bore the burden of proving that the tract of land in question was separate property. With the exclusion of Mrs. Martin's deposition, they have failed to carry that burden of proof. Thus, the judgment of the district court must be reversed. This case will be remanded for purposes of allowing Berdina Martin to appear and testify or for appellees to invoke an evidentiary hearing on the issue of the admissibility of her deposition.
For the foregoing reasons, the judgment of the district court is reversed. This case is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed against appellees.
REVERSED AND REMANDED.