KING, Judge,
concurring.
I respectfully dissent from the decision of the majority holding that a deposition of a witness is admissible in evidence at the time of a trial on the merits in lieu of the presence of the witness, because of an ambiguous stipulation made at the time of the taking of the deposition, without the requirements of LSA-C.C.P. Art. 1450 being first met. The case cited by the majority as legal authority for this holding, McKinley v. Dalton, 355 So.2d 1033 (La.App. 4th Cir.1978), was one in which a deposition of a witness was admitted at the time of trial because of the unavailability of the witness, not because of an ambiguous stipulation as to its use made at the taking of the deposition. I do not agree with the decision of the majority finding that LSA-C. C.P. Art. 1450 is limited to and only governs situations in which there is no stipulation made at the time of the taking of the deposition as to the use of the deposition.
A need must first be shown, as required by LSA-C.C.P. Art. 1450, at the time of a trial in order for the deposition to be properly admitted into evidence, and then a basis for admitting the deposition in evidence, pursuant to LSA-C.C.P. Art. 1450, must also be shown. Succession of Brum-field, 401 So.2d 1055 (La.App. 3rd Cir. 1981), writ den., 409 So.2d 617 (La.1981); Bankston v. Cooper, 371 So.2d 654 (La. App. 4th Cir.1979).
I agree with the majority, even though the deposition of the appraiser was improperly admitted into evidence, that the result would be the same and for this reason would find that the improper admission pf the appraiser’s deposition, over objection, was only harmless error and that the judgment of this court should be that rendered herein. See LSA-C.C.P. Art. 2164; Na-quin v. Maryland Casualty Company, 311 So.2d 48 (La.App. 3rd Cir.1975), and cases cited therein.
For the foregoing reasons, I concur in the result reached by the majority.