SCHOTT, Chief Judge.
In a jury trial plaintiff, Betrous Joseph, attempted to prove that his Parkinson’s disease was caused by an automobile accident for which defendant, Lloyd Gibliant, was liable. The jury awarded only $15,000 and plaintiff has appealed seeking an appropriate increase to compensate him for the Parkinson’s disease. The issue is whether the trial court erred in allowing defendants to introduce a deposition which effectively defeated plaintiff’s claim.
The accident’s impact caused plaintiff to strike his head on the roof of the car causing soft tissue injuries. About an hour after the accident he began to experience a tremor in his right arm. Over a period of time this tremor affected his entire right side and he was eventually diagnosed with Parkinson’s disease. Three months after the March 18, 1985, accident plaintiff was referred by his physician to Dr. Louis A. Weisberg, a neurologist, who treated him for Parkinson’s disease until October, 1985. In April, 1986, plaintiff became the patient of Dr. Donald E. Richardson, a neurosurgeon, and remained his patient until the trial.
Dr. Richardson testified that trauma rarely causes Parkinson’s disease. He wanted plaintiff to have an MRI to determine the cause of his Parkinsonism, but plaintiff could not afford the cost. Nevertheless, Dr. Richardson thought plaintiff’s condition was probably related to and triggered by the trauma of the accident.
Dr. Weisberg testified by deposition. He stated that trauma would be an unusual cause of Parkinsonism because a traumatic event would affect superficial areas of the brain and not the deep structure of the brain where Parkinson’s originates. For damage to be done to this area a severe almost penetrating blow to the brain would be required — one which would produce a loss of consciousness for more than thirty minutes and/or retrograde amnesia. He categorically ruled out plaintiff’s accident as being related to his Parkinsonism and specifically declined to relate the tremor plaintiff experienced after the accident to his Parkinsonism.
*843 Plaintiff has made the admissibility of Dr. Weisberg’s deposition the focal point of this appeal. Weisberg had indicated to both counsel before and during the three day trial that he would be available to testify at any time. But when defense counsel called him to come to court on the last day of trial his office indicated that he was not available and would not be for the rest of the day. Even the trial judge called his office in an effort to secure his attendance. Unfortunately he had not been served in person with the subpoena. At this point the trial judge ruled that the deposition would be admitted over plaintiffs objection which was as follows:
... we want to enter an objection for the use of Dr. Weisberg’s deposition because of the limited opportunity of the cross examination that was available in that deposition ... and it was not taken for perpetuation.
C.C.P. art. 1450 provides that the deposition of a witness may be used against a party who was represented at its taking if the court finds that the witness is unavailable. In this case plaintiff’s counsel was present and participated in the deposition. The notice of the deposition advised counsel that the deposition was being taken “for purposes of discovery, for use at trial, or for such other purposes as are permit-ted_” The record demonstrates that defense counsel believed in good faith that Weisberg would report to the court when summoned and that he as well as the judge made reasonable attempts to secure his presence. Except for his testimony the trial was over and the case ready for the jury. The trial court’s decision to admit the deposition under these circumstances was hardly an abuse of discretion.
An opposite conclusion would unfairly penalize the defendant and the trial court for what appears to be the fault of Dr. Weisberg. It is regrettable that he chose to make himself unavailable after assuring counsel of his availability. Had he been served in person with the subpoena the judge could have had him picked up by the sheriff on an attachment, or he could have been required to report at the beginning of the trial and wait to be called. This appears to be the case where normal professional courtesies to the witness were abused by him with the result that plaintiff is provided with an argument for a new trial. Fortunately the circumstances do not warrant such a harsh result.
Our conclusion is consistent with the case of McKinley v. Dalton, 355 So.2d 1033, 1036 (La.App. 4th Cir.1978) in which this court under similar circumstances held that a physician’s deposition was properly admitted where counsel had made a sufficiently diligent effort to produce her at trial.
Even assuming the deposition was not admissible under a strict interpretation of the procedural rules plaintiff was not prejudiced. His counsel knew the deposition was being taken for perpetuation, he was present, and he participated fully. In this court he argues that he could have more fully examined Weisberg if his testimony had been taken after Dr. Richardson’s testimony was taken because some of Richardson’s authorities and statements could have been presented to Weisberg and would have weakened his testimony. This is sheer speculation. Weisberg apparently knew about Richardson’s opinions, but he categorically disagreed. We have no basis to believe that a witness with Weisberg’s credentials would have testified differently at trial than he did at his deposition.
Finally, plaintiff argues that he was prejudiced because he was deprived of the opportunity to cross examine Weisberg “live” in the jury’s presence. Again this presupposes that such a cross examination would have produced a different result than that which emerged from the deposition. We see no basis for such a supposition. If anything, “live” testimony would have been more, not less, influential on the jury and consequently more helpful to defendant’s not plaintiff’s case.
Accordingly, the judgment is affirmed.
AFFIRMED.